IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOHN M. REILLY,

                    Plaintiff,

   v.                                                                                    ORDER

NANCY A. BERRYHILL,                                                 15-cv-796-jdp
Acting Commissioner of Social Security,

                    Defendant.

On July 7, 2016, the court reversed and remanded the Commissioner's decision denying plaintiff John M. Reilly's application for disability benefits. Dkt. 15. The court awarded plaintiff's attorney fees in the amount of $4,754.21 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Dkt. 18. On remand, the Administration awarded plaintiff $58,389 in past-due benefits. Dkt. 20-1, at 8. It then approved payment of $6,000 in fees for plaintiff's attorney's representation at the administrative level.

Now plaintiff's attorney petitions the court for a representative fee award of $8,599.25 under 42 U.S.C. § 406(b). Plaintiff signed a contingent fee contract and agreed to pay his attorney "25% of the past-due benefits" awarded. Dkt. 20-2, at 1. The Commissioner has indicated that she does not oppose the award.

Under § 406(b), the court may award a claimant's attorney a representative fee for his or her work before the court. This section of the Social Security Act provides that "a prevailing claimant's fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). Plaintiff's attorney must demonstrate that within the 25 percent cap, the requested fee is

reasonable. *Id.* at 807, 809; *see also McGuire v. Sullivan*, 873 F.2d 974, 980 (7th Cir. 1989) ("A court may award a fee up to that provided in the contract so long as the court has reviewed its reasonableness.").

When evaluating a representative fee for reasonableness, "the court may consider the character of the representation and the results obtained, reducing an award if . . . the fee is so large in comparison to the amount of time counsel spent on the case such that the fee would constitute a windfall to the attorney." *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D. Wis. 2007) (citing *Gisbrecht*, 535 U.S. at 808). "In determining what is a reasonable fee, the court should consider: the time and labor required; the skill required; whether the fee was contingent or fixed; the amount involved and the result attained; the attorney's experience, reputation, and ability; and awards in similar cases." *Hodges-Williams v. Barnhart*, 400 F. Supp. 2d 1093, 1099 (N.D. Ill. 2005) (citing *McGuire*, 873 F.2d at 979, 983).

Here, plaintiff's attorney represents that her team spent 27.01 hours litigating plaintiff's case before this court (23.63 hours in attorney time, 3.38 hours in legal assistant time). Plaintiff's attorney thoroughly briefed a motion for summary judgment and provided well-reasoned arguments in support of remand. And plaintiff's attorney obtained favorable results for Mr. Reilly: the Commissioner chose to voluntarily remand the case, and the ALJ issued a favorable decision.

The court notes that the contingency fee here is equivalent to an attorney compensation rate of approximately $363.91 per hour ($8,599.25 for 23.63 hours of work). This is a reasonable hourly rate, considering that contingent fee agreements often reflect larger hourly rates; contingent fee agreements account for the attorney's risk of non-recovery, and awarding the fee consistent with the parties' agreement incentivizes attorneys to represent social security

claimants. "If courts regularly invalidated reasonable contingency agreements in favor of a lodestar fee, then attorneys would no longer enter into such agreements." *McGuire*, 873 F.2d at 980. For these reasons, district courts across the country have awarded representative fees that reflect varying hourly rates, including $446, $625, $636, and $1500. *Koester*, 482 F. Supp. 2d at 1083 (collecting cases). Because plaintiff's attorney skillfully litigated plaintiff's case, because she obtained favorable results for her client, and because the contingent fee agreement supports the requested award, the court will grant the unopposed petition for the requested attorney fee. *See Kopulos v. Barnhart*, 318 F. Supp. 2d 657, 669 (N.D. Ill. 2004) (awarding the requested representative fee because "it is consistent with the Contract entered into between Petitioner and Plaintiff, it is consistent with the 25% statutory cap for SSA fees, and the Commissioner has no objection to the amount of the SSA award").

As plaintiff's attorney acknowledges, this award requires plaintiff's attorney to return the previously awarded $4,754.21 EAJA fee award to plaintiff. When an attorney receives fees for the same work under both § 406(b) and the EAJA, the attorney must return the smaller fee to plaintiff; the EAJA fee award "offsets" the § 406(b) award. *Gisbrecht*, 535 U.S. at 796.

ORDER

IT IS ORDERED that plaintiff's attorney's unopposed petition for attorney fees under § 406(b), Dkt. 20, is GRANTED. The court approves the representative fee award of $8,599.25.

Entered August 22, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge